**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JOSES BRAXTON,

       *Plaintiff,*

*v.*

SAGINAW POLICE DEPARTMENT,

       *Defendant*.

                                   /

CASE NO. 12-CV-11616

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I.**     **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte*

**DISMISSED** because Plaintiff has failed to state a claim upon which relief can be granted.[1]

**II.**     **REPORT**

    **A.**     **Introduction**

On April 10, 2012, Plaintiff Joses Braxton, a citizen of Saginaw, Michigan, filed this *pro*

*se* civil rights action alleging claims of "[u]nlawful investigation, searches, seizures, and arrests"

as well as "lack of jurisdiction, discrimination, harassment, and violation of due process" against

the Saginaw Police Department. Plaintiff's application to proceed without prepayment of fees was

---

[1]In the event that this Report and Recommendation is adopted, the following pending motion will be moot:
Plaintiff's Application for Appointment of Counsel. (Doc. 3.)

granted pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), and the case was referred

to the undersigned magistrate judge for pretrial proceedings. After screening the *pro se* complaint

pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

### B.  Screening Procedure

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that a

litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks

an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*

*v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v.*

*Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). In 1996, Congress

enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review

all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service

of process if it determines that the action is frivolous or malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

### C.  The Complaint

Plaintiff states in his two-page *pro se* Complaint that he was arrested on March 13, 2012,

at his business, which is a towing service and impound lot in Saginaw, Michigan. (Compl. at 3.)

He states that the Saginaw Police Department "executed a warrant for 6 vehicles" at his business

and he was charged with receiving and concealing stolen property. Mich. Compl. Laws §

750.535(3)(a). Plaintiff asserts that while he was detained in the Saginaw County Jail, two more

search warrants were executed at his home address. (*Id.*) Plaintiff alleges that he was "improperly"

served with a Notice of Seizure and Intent to Forfeit with regard to his two tow trucks as well as

documentation and financial records relating to his business. (*Id.*) Plaintiff claims that upon receiving a copy of the police report, he learned that the investigation leading to his arrest was not initiated in response to a complaint filed by a client of his towing business or in response to any type of property crime he committed, but rather it began when a Saginaw police officer learned that Plaintiff had towed several vehicles from Flint, Michigan, to Saginaw. Plaintiff claims that the mere fact that he towed several vehicles from a different city is not a "lawful basis to warrant an investigation, search, seizure, or arrest." (*Id.* at 4.)

Plaintiff states that on March 29, 2012, the day of his preliminary hearing, he was "stalked by the Saginaw Police Dept. and arrested for a felony warrant" out of Bay County, Michigan, where he was charged with being a felon in possession of a firearm. (*Id.*) He claims that this charge stemmed from a receipt from a Bay County firing range which was found during one of the "unlawful invasions" of his home when officers were executing a search warrant. (*Id.*)

At the preliminary hearing in Saginaw County, Plaintiff was denied the return of his tow trucks. Plaintiff claims that his attorney failed to file the motions Plaintiff requested and then "withdrew before the case was dismissed." (*Id.*) Plaintiff states that on March 30, 2012, he "hired a new attorney in preparation of the reissuance of the charges," and that the new attorney advised him three days before the charges were reissued "that the prosecutor was going to add criminal enterprise to the charges." (*Id.*) Plaintiff alleges that the attorney told him that the prosecutor wanted Plaintiff to plead guilty to a felony in exchange for the return of his tow trucks; Plaintiff called the Bar Association to request attorney grievance forms and plans to "have both of [his] attorneys investigated." (*Id.*)

Plaintiff's request for relief states that he needs "assistance" from "the higher courts in bringing fourth [sic] truth and justice in a place where power and corruption overrule man['s] rights." (*Id.*) He asks this Court to appoint him an attorney because he is "completely broke" due to the Saginaw Police Department's seizure of his business equipment and documents in violation of his due process rights. (*Id.*)

On April 24, 2012, Plaintiff filed 91 pages that consist of an 11-page document titled an Amended Complaint and 80 pages of documentation relating to the state charges proceeding against him.[2] (Doc. 6.) In this proposed amended pleading, the named defendant and the gravamen of the complaint remained unchanged, but Plaintiff additionally sought $5 million in damages, a restraining order prohibiting the Saginaw Police Department from any more unlawful contact or searches, the immediate return of his tow trucks, the dismissal of the Bay County charge, a criminal charge against the county prosecutor for extortion, an investigation into and "impeachment" of the Saginaw County judge who is presiding over his case, and disciplinary

---

[2]In this case, the filing of an amended complaint was improper. Although Rule 15 of the Federal Rules of Civil Procedure allows for the liberal amendment of pleadings, "a procedural rule 'cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one).'" *Cox v. Mayer*, 332 F.3d 422, 428 (6th Cir. 2003) (quoting *Harris v. Garner*, 216 F.3d 970 (11th Cir. 2000)). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the district courts may not permit the plaintiff to amend the complaint to avoid *sua sponte* dismissal if a complaint fails to state a claim or seeks monetary relief against a defendant immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) ("[C]ourts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal. If a complaint falls within the requirements of § 1915(e)(2) **when filed**, the district court should *sua sponte* dismiss the complaint.") (emphasis added). *See also Baker v. Thomas*, 86 Fed. App'x 906, 909 (6th Cir. 2004) (citing *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002), and *McGore*, 114 F.3d at 612); *Shorter v. Campbell*, 59 Fed. App'x 673, 675 (6th Cir. 2003) ("As the plaintiffs' complaint was dismissible under 42 U.S.C. §§ 1915(e) and 1915A, they did not have the right to amend their complaint prior to dismissal."); *Cantley v. Armstrong*, No. 09-1092, 2010 WL 3245548, at * 1 (6th Cir. Aug. 17, 2010) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999)); *Ashley v. Wilson*, No. 10-10512, 2010 WL 1246525, at *1 (E.D. Mich. March 25, 2010); *Corrion v. Ludwick*, No. 09-11531, 2009 WL 3273737, at *1 (E.D. Mich. Oct. 13, 2009); *McGore v. Lutz*, No. 09-13031, 2009 WL 2959874, at *1 (E.D. Mich. Sept. 11, 2009).

action against the Saginaw Police Department officers and investigators who unlawfully arrested him, raided his home, and put him out of business. (*Id*. at 10.)

**D.    Standard of Review**

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co*., 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

Although Plaintiff does not state that he is bringing this action under 42 U.S.C. § 1983, this is the federal statute that provides a cause of action for redress against persons acting under color of law for "deprivation[s] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. A claim under § 1983 consists of two essential elements: (1) the defendant was a person acting under the color of state law; and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States of America. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996).

**E.     Analysis & Conclusion**

Plaintiff's complaint, I suggest, should be *sua sponte* dismissed because it is fatally deficient under the first element, as it is well-settled that a police department is not a not a legal entity capable of being sued, nor is it a "person" for purposes of a § 1983 action. "A suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest." *Haverstick Enters. v. Fin. Fed. Credit*, 32 F.3d 989, 992, n.1 (6th Cir. 1994). *See also* Mich. Comp. Laws § 92.1; *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) ("the police department is not a legal entity against whom a suit can be directed"); *Pierzynowski v. City of Detroit Police Dep't*, 941 F. Supp 633, 637 (E.D. Mich. 1996); *Moomey v. Holland*, 490 F. Supp. 188, 190 (W.D. Mich. 1980).

A city government is not responsible for "every misdeed of [its] employees and agents." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363 (6th Cir. 1993). A municipality is only liable when the custom or policy is the "moving force" behind the alleged deprivation of constitutional rights. *Bd. Of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). In order to prove municipal liability, the Sixth Circuit requires a Plaintiff to: (1) identify the municipal policy or custom, (2) connect the policy or custom to the municipality, and (3) show that his particular injury was caused by execution of that policy or custom. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005).

I suggest that neither Plaintiff's original nor amended complaint identifies a policy or custom, connects any policy to the city, or alleges the requisite causal connection between any municipal policy or custom and the alleged violation of constitutional rights. *Id. See also Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997); *Doe v. Clairborne County, Tenn.*, 103 F.3d

6

495, 507 (6th Cir. 1996). Therefore, I further suggest that any claim construed as being lodged against the City of Saginaw would also require dismissal.

Accordingly, I suggest that the case is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B) because the Saginaw Police Department is not an entity subject to suit and, even construing Plaintiff's complaint liberally, it does not state a claim against the City of Saginaw.

Alternatively, I suggest that the case is subject to *sua sponte* dismissal because the claims asserted constitute a collateral attack on Plaintiff's pending state criminal judicial proceedings, and this Court is precluded from interfering with a pending state prosecution. It is well settled that a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court except in extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts"). Under the abstention doctrine established by *Younger v. Harris*, the target of an ongoing state prosecution is required to raise any and all constitutional claims as defenses to that action in the state courts and may not file a collateral federal action raising the same claims. *See Gottfried v. Medical Planning Service, Inc.*, 142 F.3d 326, 329 (6th Cir. 1998).

Therefore, I suggest that the *Younger* doctrine of abstention precludes this Court from entertaining Plaintiff's claims due to the pendency of his state criminal proceedings and that this provides an alternative basis for *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

s/ Charles E Binder

CHARLES E. BINDER

Dated: May 3, 2012                    United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Joses Braxton, 1024 N. Sixth Ave., Saginaw, MI, 48601-1105, and served on District Judge Ludington in the traditional manner.

Date:  May 3, 2012                    By    s/*Jean L. Broucek*
                                      Case Manager to Magistrate Judge Binder

8