UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSES BRAXTON,

        Plaintiff,

v.

        Case No. 12-11616
        Honorable Thomas L. Ludington

SAGINAW POLICE DEPARTMENT.

        Defendant.
_____ /

**ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING COMPLAINT**

On April 10, 2012, Plaintiff Joses Braxton filed a pro se civil rights action alleging claims of "[u]nlawful investigation, searches, seizures, and arrests," as well as "lack of jurisdiction, discrimination, harassment, and violation of due process" against Defendant Saginaw Police Department. Plaintiff also moved to proceed in forma pauperis and for appointment of counsel. The Court granted Plaintiff's motion to proceed in forma pauperis. The Court also referred the case to Magistrate Judge Charles Binder for pretrial proceedings.

On May 1, 2012, Plaintiff filed an "objection to the screening contemplated by 28 U.S.C. 1915(e)(2)," writing "I ask that an attorney be appointed before any more screenings or hearings are held. I filed the complaint under the influence that I would be appointed [counsel] before any proceedings were held. I am not an attorney and although I can read and write I do have a hard time understanding law and all that pertains to it." ECF No.7

Section 1915(e)(2) provides in pertinent part that in all cases that the plaintiff is proceeding in forma pauperis, the court shall review the complaint before service and, moreover, "shall dismiss the case . . . if the court determines that — the action . . . fails to state a claim on

which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

Additionally, "There is no constitutional right to counsel in a civil case." *Cleary v. Mukasky*, 307 F. App'x 963, 965 (6th Cir. 2009) (citing *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003)). Although § 1915(e)(1) provides that a court may request an attorney for an indigent party in a civil case, the Sixth Circuit cautions that "[c]ourts should request counsel for pro se civil plaintiffs only in 'exceptional circumstances.' " *Cleary*, 307 F. App'x at 965 (quoting *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)).

Judge Binder, pursuant to his statutory obligation under 28 U.S.C. § 1915(e)(2), screened the complaint. He then issued a report recommending that the complaint be dismissed for failure to state a claim upon which relief can be granted. ECF No. 8.

Any party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendations. 28 U.S.C. § 636(b)(1). The district court will make a "de novo determination of those portions of the report . . . to which objection is made." *Id.* The Court is not obligated to review the portions of the report to which no objection was made. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). As of today's date, no party has filed any objections to Judge Binder's report and recommendation.

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 8) is **ADOPTED**.

It is further **ORDERED** that the complaint and amended complaint (ECF Nos. 1, 6) is **DISMISSED**.

It is further **ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 24, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon Joses Braxton, at 1024 N. 6th Avenue, Saginaw, MI 48601 by first class U.S. mail on May 24, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS

---